RODGERS, Justice.
This is an appeal from a final decree of the Chancery Court of Warren County, Mississippi, affirming an order of the State Tax Commission in which the Tax Commission designated certain resort areas in Warren County as authorized by Mississippi Code 1942 Annotated section 10265-17(b) (Supp.1966).
The circumstances leading up to the appeal in this case began on September 26, 1966, when the Board of Supervisors of Warren County wrote a letter to the State Tax Commission, Alcoholic Beverage Control Division. This letter transmitted a resolution of the Board of Supervisors requesting the State Tax Commission to declare three areas in Warren County as “resort areas” within the meaning of the Alcoholic Beverage Control Statute and promulgated rules of the Tax Commission. The letter from the Board of Supervisors also contained letters written to the Board from the Board of Directors of the Vicksburg Chamber of Commerce and the Vicksburg Junior Chamber of Commerce, both requesting that the areas mentioned in the resolution be approved as “resort areas.” The Sheriff of Warren County pledged to *425 enforce the law. There was a map attached to the letter showing the area sought to be designated as “resort areas.” The Board of Aldermen also sent a letter stating that it had no objection to the proposed resort areas outside the city.
Thereafter, on October 11, 1966, at a regular meeting of the State Tax Commission, the matter of the resolution of the Board of Supervisors of Warren County declaring three areas to be resort areas was considered and “rejected in its entirety.”
Thereafter, on December 10, 1966, attorneys representing individuals who owned businesses located (outside the City of Vicksburg) in the areas sought by the Board of Supervisors of Warren County to be declared “resort areas,” requested that a rehearing be granted on the application of the Board of Supervisors.
On December 22 the State Tax Commission granted an evidentiary hearing and fixed the date for the “rehearing” to be January 4, 1967, in the office of the Tax Commission.
Thereafter, certain persons said to be representatives of the United Drys of Warren County, Mississippi, filed objections with the State Tax Commission to the “rehearing” of the matter of the petition of the Board of Supervisors. The objectors contended as a first defense that: (1) there was no application relating to the designation of resort areas requested by the Board of Supervisors in their resolution of September 8, 1966, now before the Commission, because these applications were rejected by the State Tax Commission on October 11, 1966; (2) notice of the meeting had not been published; (3) the Commission is without authority to conduct a rehearing on the rejected petition; and (4) the application does not conform to the law as to resort areas.
The objectors contend as a “second defense” that the granting of authority to the State Tax Commission to designate “resort areas” under the local option Alcoholic Beverage Control Law violates sections 1, 2 and 33 of the Mississippi Constitution in that the delegation of legislative authority is unconstitutional.
It was also contended as a “third defense” that the order of the Tax Commission previously adopted in which the application of the Board of Supervisors was rejected is final and conclusive and is res judicata of all issues presented by the application.
Finally, it is said that none of the areas proposed to be designated are “resort areas” within the meaning of the law.
The State Tax Commission continued the case until February 8, 1967, and after examination of witnesses and exhibits, including photographs, the Commission determined that three areas described in the petition were “resort areas” within the meaning of the Alcoholic Beverage Control Statute, and from this order the appeal was taken to the Chancery Court as above set out.
The objectors appealed to this Court from a decree of the Chancery Court affirming the last order of the Tax Commission and now contend that (1) the State Tax Commission had no authority to grant a rehearing to private property owners after rejecting the application of the Board of Supervisors to designate certain resort areas; (2) the Tax Commission was without power to reverse its order rejecting the application of the Board of Supervisors in the absence of a clear showing that there had been a material change in circumstances since the former order was entered; (3) the Chancery Court erred in affirming the Commission, because the order was unreasonable, arbitrary, capricious and not supported by substantial evidence; (4) the State Tax Commission must be reversed because the Commission did not permit the objectors to show that the Warren County law enforcement officers were not enforcing the intoxicating liquor statutes.
*426 Although the weight of the evidence is not an issue in this case, it is nevertheless appropriate for us to point out that the Civil War Battlefield around Vicksburg is one of the outstanding historical tourist attractions of this nation. More than 970.-000 people visited the military park and cemetery in 1964. The U. S. Waterway Experiment Station is rapidly becoming an attraction to the people passing through Mississippi. Moreover, the Civil War gun boat and the river boat Sprague are becoming nationally known. There can be no doubt that the proof shows that Vicksburg with its environs is one of the greatest tourist attractions not only of Mississippi but of the southern section of the United States.
A thorough examination of the record in this case has convinced us that there is no merit in the various objections filed by the named appellants. Without determining the standing of the alleged objectors to appeal to this Court, under the facts here stated, we move directly to the center of the problem — that is to say: Did the State Tax Commission have the power and authority to hear evidence and determine that the area brought to the attention of the Commission by the letters from the attorneys representing private parties operating businesses within the “Beechwood area” were “resort areas” within the meaning of the Local Option Alcoholic Beverage Control Law of Mississippi ?
The pertinent parts of Mississippi Code 1942 Annotated section 10265-17 (Supp. 1966) are in the following language:
“ § 10265-17. Powers and duties of Commission; appeals.
“(a) The State Tax Commission, under its duties and powers with respect to the Alcoholic Beverage Control Division therein, shall have the following powers, functions and duties:
******
“(8) To adopt and promulgate, repeal and amend, such rules, regulations, standards, requirements and orders, not inconsistent- with this act or any law of this State or of the United States, as it deems necessary to control the manufacture, importation, transportation, distribution and sale of alcoholic liquor, whether intended for beverage or non-beverage use, in a manner not inconsistent with the provisions of this act or any other statute.

“(12) In the conduct of any hearing authorized to be held by the Commission, to hear testimony and take proof material for its information in the discharge of its duties under this act; to issue subpoenas, which shall be effective in any part of this State, requiring the attendance of witnesses and the production of books and records, to administer, or cause to be administered, oaths, and to examine, or cause to be examined, any witness under oath. Any court of record, or any judge thereof, may by order duly entered, require the attendance of witnesses and the production of relevant books subpoenaed by the Commission, and such court or judge may compel obedience to its or his order by proceedings for contempt.
* * ‡ j{c >|s s|c
“(16) All hearings conducted by the Commission shall be open to the public, and, when deemed necessary, a written transcript shall be made of the testimony introduced thereat.
(b) Any appeal from an order of the Commission shall be to the chancery court of the county of the domicile of the appellant, without supersedeas and on the record made before the Commission; and there may be an appeal therefrom to the Supreme Court as in other cases provided, but it shall be without super-sedeas on the order of the Commission to them made and finally determined either by the chancery court or the Supreme Court.”
Pursuant to the direction of the legislature under the foregoing statute, the Com *427 mission adopted certain rules and regulations, one of which, No. 17, was adopted by the Commission to establish internal procedure for the consideration by the Commission of the question of whether or not a particular area was to be established as a “resort area.” The reason for the rule is brought about because of section 10265-04 of the above mentioned Alcoholic Beverage Control Law, which permits the manufacture, sale and possession of alcoholic beverages in the counties in which the citizens by local option election have voted in favor of manufacture, sale, and distribution of alcoholic beverages. However, this section also provides that:
“ * * * but the manufacture, sale and distribution of such alcoholic beverages shall not be permissible or lawful in such counties except in (a) incorporated municipalities located within such counties, (b) qualified resort areas within such counties approved as such by the State Tax Commission, or (c) clubs, as hereinafter defined, within such counties, whether within a municipality or not.” Miss .Code 1942 Ann. § 10265-04 (Supp. 1966).
Regulation No. 17, above mentioned, sets forth the form of the application and provides that publication be made inviting interested persons to make known their willingness to the location of resort areas or their objections to the application filed by the Board of Supervisors.
After the Board of Supervisors in the instant case had filed the application requesting the Commission to establish certain resort areas in Warren County, Mississippi, the Commission “rejected in its entirety” the application by its order of October 11, 1966. There was no public “hearing” as required by section 10265-17(a) (16), and consequently there was “no written transcript of the testimony” on which the Board of Supervisors could appeal to the Chancery Court of Warren County, Mississippi.
When the interested parties, within the area, became advised of this order, they made known their desire to appear before the Commission on the petition filed by the Board of Supervisors. The Commission granted a hearing. The Chairman of the State Tax Commission announced at the hearing that:
“This is a hearing on the application for declaring certain areas of Warren County resort areas. I might add in this connection that we rejected the first application that was submitted because proof was not submitted that all of the area requested was a resort area. We are now trying to decide if any particular part of this area that was originally requested is a resort area.”
The record clearly shows that there was only one hearing as contemplated by the statute, and for that reason the cases cited in the briefs on the question of “res judi-cata” and the question of “changed circumstances” are not relevant nor applicable to the facts now before the Court.
The State Tax Commission not only had the authority as a legislative administrative agency to hold the hearing upon the application of the Board of Supervisors to determine “resort areas” but it .was the Commission’s duty to hold a public hearing upon the application of the Board of Supervisors. Miss.Code 1942 Ann. § 10265-17(a) (12) (16) (Supp.1966). Moreover, a failure on the part of the Tax Commission to conduct the hearing required by statutory law would have been unlawful, arbitrary, and capricious.
The decree of the Chancery Court of Warren County affirming the order of the State Commission delineating “resort areas” in Warren County is hereby affirmed.
A motion has been filed in this matter, after argument, alleging that this matter is now moot because, it is said, a new order has been entered enlarging the area, and no answer has been filed to this motion; *428 however, in view of our holding in this case, we are of the opinion that the motion should be overruled.
The judgment of the trial court is hereby-affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, BRADY and INZER, JJ., concur.